Yates Construction Co., Inc. v. Bostic, 2013 NCBC 3.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                            SUPERIOR COURT DIVISION
ROCKINGHAM COUNTY                        12 CVS 977

| | |
|---|---|
| YATES CONSTRUCTION COMPANY, INC., <br><br>           Plaintiff, <br><br> v. <br><br> JOSEPH E. BOSTIC, JR., JEFFREY L. BOSTIC, MELVIN MORRIS, TYLER MORRIS and MICHAEL HARTNETT, <br><br>           Defendants. | **ORDER** |

*McKinney & Tallant, P.A., by Zeyland G. McKinney, Jr., for Plaintiff Yates Construction Company, Inc.*

*Nexsen Pruet, PLLC, by Christine L. Myatt and David S. Pokela for Defendant Jeffrey L. Bostic.*

*Ivey, McClellan, Gatton & Talcott, L.L.P., by Edwin R. Gatton for Defendants Melvin Morris and Tyler Morris.*

*Smith Moore L.L.P., by Jonathan A. Berkelhammer for Defendant Michael Hartnett.*

Murphy, Judge.

{1}     **THIS MATTER** is before the Court on Defendants Jeffrey L. Bostic ("Jeff Bostic"), Melvin Morris, Tyler Morris ("Morris Defendants"), and Michael Hartnett's ("Hartnett") Motions to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), and Jeff Bostic's alternative Motion for More Definite Statement. After considering the parties' motions and briefs, and contentions of counsel made during a hearing before this Court on January 16, 2013, the Court **DENIES** in part and **GRANTS** in part Defendants' Motions to Dismiss, and **DENIES** Jeff Bostic's Motion for More Definite Statement.

## I. STATEMENT OF FACTS

{2}     "'When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a trial court may consider and weigh matters

outside the pleadings.'" *Munger v. State*, 202 N.C. App. 404, 410, 689 S.E.2d 230, 235 (2010) (quoting *DOT v. Blue,* 147 N.C. App. 596, 603, 556 S.E.2d 609, 617 (2001)). "'However, if the trial court confines its evaluation to the pleadings, the court must accept as true the plaintiff's allegations and construe them in the light most favorable to the plaintiff.'" *Id.* (quoting *Blue,* 147 N.C. App. at 603, 556 S.E.2d at 617). The following facts are taken from Plaintiff's Complaint and are accepted as true for the purpose of resolving Defendants' Motions to Dismiss pursuant to Rule 12(b)(1). However, the Court does not make findings of fact in connection with Defendants' Motions to Dismiss pursuant to Rule 12(b)(6), as such motions do "not present the merits, but only [determine] whether the merits may be reached." *Concrete Serv. Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986). Accordingly, for purposes of the Court's Rule 12(b)(6) analysis, this Order recites only those facts from the Complaint that are relevant to the Court's legal determinations.

{3}     Plaintiff Yates Construction Company, Inc. ("Plaintiff") is a corporation organized under the laws of North Carolina with its principal place of business in City of Stokesdale, Rockingham County, North Carolina. (Compl. ¶ 1.)

{4}     The Morris Defendants, Defendant Hartnett, and Defendant Joseph E. Bostic, Jr., are all citizens and residents of North Carolina. Defendant Jeff Bostic is a resident of Georgia. (Compl. ¶¶ 5–9.)

{5}     From 2002 until 2005, Plaintiff, a subcontractor, rendered services on construction projects with companies (principally Bostic Construction, Inc. and Bostic Development, LLC ("Defendants' Affiliated Companies")) that were allegedly under Defendants' complete dominion and control. (Compl. ¶¶ 3, 12.) Plaintiff became aware of the "facts necessary to assert these causes of action on December 6, 2005." (Compl. ¶ 10.)

{6}     Throughout the relevant time period alleged by Plaintiff, Defendants all held official positions of responsibility, such as officer, director, or shareholder, within Defendants' Affiliated Companies. (Compl. ¶¶ 14, 20–23.) Plaintiff alleges that Defendants Jeff Bostic and Melvin Morris used their positions and control over

the Affiliated Companies to create "a relationship wherein the Plaintiff trusted that the Defendants would use the construction loan proceeds for each project to pay for the actual costs of each project . . . ." (Compl. ¶ 86.)

{7} Prior to and during Plaintiff's work on various construction projects with Defendants' Affiliated Companies, Defendants used a group of sham companies to "commingle, misuse, and misappropriate the construction loans provided to finance the construction projects on which the Plaintiff performed services." (Compl ¶ 85.)

{8} Rather than holding loan proceeds to pay off debts for a particular project, Defendants used the proceeds to advance large sums of money to other companies owned by Defendants and make preferential payments for their own benefit. (Compl. ¶¶ 92–93.)

{9} During the time Plaintiff worked with Defendants' Affiliated Companies, Bostic Construction was operated in a condition that verged on near or actual insolvency and constituted dissolution or winding up of the affairs of the company. (Compl. ¶¶ 94–95.)

{10} For the purposes of evaluating Defendants' 12(b)(1) Motions, the Court takes judicial notice that on or about January 17, 2005, an involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code was filed against Bostic Construction. (Def. Hartnett's Br. Supp. Mot. Dismiss 3.) The Court also takes judicial notice of an order entered in the Bostic Construction bankruptcy proceeding approving the settlement agreement between the Chapter 7 Trustee, Defendant Joseph E. Bostic, Jr., Jeff Bostic and Melvin Morris related to Bostic Construction's potential claims for (1) preferential payments under the Bankruptcy Code and (2) alleged breaches of the fiduciary duties these Defendants owed to Bostic Construction in their capacities as officers and directors. *In re Bostic Construction, Inc.*, No. B–05–11199C–7G (Bankr. M.D.N.C. 2005); (Def. Hartnett's Br. Supp. Mot. Dismiss Ex. D.)

## II. ANALYSIS

{11}     In a related case before the Court, another subcontractor of Defendants' Affiliated Companies filed an action against these same Defendants alleging almost identical facts and asserting the same claims along with a claim for unfair and deceptive trade practices. *See Phillips and Jordan, Inc. v. Bostic*, 2012 NCBC 34 (N.C. Super. Ct. June 1, 2012), http://www.ncbusinesscourt.net/opinions/ 2012_NCBC_34.pdf (order denying in part and granting in part Defendants' motions to dismiss and denying Defendants' motion for a more definite statement). In that action, Defendants brought the same motions to dismiss and motion for more definite statement asserting the same arguments as those before the Court at present. *Id.* Given that, this Court applies the same reasoning from its Order and Opinion from the *Phillips* case to the present action, and reaches the same conclusions on the motions to dismiss the constructive fraud and aiding and abetting claims pursuant to Rule 12(b)(1) and Rule 12(b)(6). *Phillips*, 2012 NCBC 34 ¶¶ 15–58. Therefore, for the reasons stated therein, the Court concludes that Plaintiff has standing to bring the claims in this action. And, further, the Court concludes that Plaintiff sufficiently stated a claim for constructive fraud, but failed to allege sufficient facts to support a claim for aiding and abetting constructive fraud.

## III. CONCLUSION

{12}     Accordingly, the Court **DENIES** Defendants' Motions to Dismiss pursuant to Rule 12(b)(1); **GRANTS** in part and **DENIES** in part Defendants' Motions to Dismiss pursuant to Rule 12(b)(6). As such, Plaintiff's claim for aiding and abetting constructive fraud as to Defendants Jeff Bostic, Melvin Morris, Tyler Morris, and Michael Hartnett is **DISMISSED**.

{13}     In light of the foregoing rulings, Defendant's Motion for More Definite Statement is **DENIED**.

**SO ORDERED**, this the 18th day of January, 2013.